WASHINGTON J. BEALL, Executor of WILLIAM Z. BEALL, *vs.* JESSE A. OSBOURN, BENJAMIN C. HARRIS, FRANCIS NEALE, and others.

*Debtor and Creditor—Judgments against an Executor.*

A creditor who has recovered a judgment against the executor of a surety of his debtor, may enforce his claim by execution against the property of such executor, notwithstanding the pendency of an injunction enjoining the creditors generally of the principal debtor from proceeding against him at law.

An absolute judgment against an executor is conclusive of the existence of the debt and of the sufficiency of assets to pay it; and a *fieri facias* may be issued thereon and levied upon the lands of the executor, as well as upon his goods and chattels.

APPEAL from the Circuit Court for Prince George's County, sitting in Equity.

The bill in this case was filed on the 18th day of December, in the year 1866, by the appellant, asking for an injunction to restrain the sale of his *individual real estate* under a writ of *fieri facias,* which had been issued against him on certain judgments, rendered against him as executor of his testator, William Z. Beall.

The bill charged, that the cause of action on which the judgments at law were rendered against the appellant in his character of executor, was for a debt due from his testator, in his lifetime, as the surety of Thomas F. Bowie, and that sundry creditors of the said Bowie had, before that time, filed a bill in the Circuit Court for Prince George's county, sitting as a Court of Equity, and had obtained an injunction against the issuing of any writs of execution against the real estate of the said Bowie, on the part of any of his judgment creditors, until the further order of the Court.

The bill further charged, that execution should have been levied upon the assets or personal estate of the appellant's testator, if any could be found, if not, then there should have

Beall, Executor, *vs.* Osbourn, *et al.*

been a return of *"nulla bona"* thereby giving to the plaintiffs their legal remedy against the bond of the appellant, as executor, and execution should not have been levied on his individual property, which was in no manner legally bound by a judgment recovered against him as executor. The bill further charged, that as the surety of the said Bowie, the principal debtor, the appellant would have the right to pay the debt, and in that event would be entitled to an assignment of all the remedies of the plaintiffs in the judgments at law; and further that as the injunction restrained him from proceeding against his principal debtor, in the event of his availing himself of the privilege of paying the debt as surety, the principal creditor had in equity no right to proceed against him, the surety, until the injunction against him was removed. The injunction was issued as prayed. The appellees demurred to the bill. On the 9th of November, 1867, the Court (Tuck, Special Judge,) dissolved the injunction and dismissed the bill. From this action of the Court, the present appeal was taken.

The cause was argued before Bartol, C. J., Brent, Grason, Miller and Alvey, J.

*Thomas F. Bowie,* for the appellant.

*Alexander B. Hagner,* for the appellees.

Grason, J., delivered the opinion of the Court.

This case comes before this Court upon an appeal from a decree of the Circuit Court for Prince George's county, sitting in equity, dissolving an injunction and dismissing the bill of complaint.

It was contended by the counsel of the appellant that there was error in the decree; first, because at the time of its passage, a suit in equity, was pending in the Circuit Court for Prince George's county, as a Court of Equity, for a sale of

the real estate of Thomas F. Bowie, for the payment of his debts, and that an injunction had been issued in that case enjoining his creditors from proceeding against him at law, and that the injunction was still in force at the time the writ of *fieri facias* was issued upon the judgment of the appellees, and that, inasmuch as Bowie's creditors were thus enjoined from proceeding against him at law, it followed that the appellees could not proceed, upon their judgment and execution against the appellant, who is the executor of Bowie's surety; and secondly, because even if they could thus proceed, during the existence of that injunction, that the writ of *fieri facias* should have issued against the property of the appellant's testator and not against that of the appellant; and even had it properly and legally issued against the property of the latter, that it ought to have been against his *goods and chattels*, and not against his land.

1st. It appears from the record of the proceedings in the case of Bowie's creditors against him, and which was submitted to the consideration of this Court by an agreement of the counsel of the parties to this cause, that a decree has been passed for the sale of Thomas F. Bowie's real estate, for the payment of his debts; that his real estate has been sold under that decree, and the sale reported to, and ratified by the Circuit Court for Prince George's county, sitting in equity. The injunction in that cause, therefore, is no longer in force, and the first ground of objection to the validity of the execution of the appellees no longer exists. But even if such injunction were now in force, we concur in the opinion of the Court below, that it would not prevent the appellees from executing their judgment against the representative of Bowie's surety.

2d. The writ of *fieri facias*, which was issued upon the appellees' judgment, is not contained in the record and in its absence this Court must presume that the clerk issued it in proper form and in accordance with the requirements of the law. The judgments of the appellees, set out in the record are absolute judgments against the appellant and conclusive

of the existence of the debt and the sufficiency of the assets to pay it. *Iglehart vs. The State,* 2 *G. & J.,* 245. And in view of these facts, taken in connection with the first section of the eighty-third Article of the Code, we are of opinion that a *fieri facias,* upon a judgment against an administrator or executor, can be issued and levied upon his lands as well as upon his goods and chattels.

In accordance with the views above expressed this Court must affirm the decree of the Court below.

*Decree affirmed.*